**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 23, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

CHARLES LALIBERTE,

　　　　Defendant-Appellant.

No. 08-3046

(D.C. No. 07-CR-10022-WEB-4)

(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

Defendant Charles Laliberte entered a conditional plea of guilty to conspiracy to distribute controlled substances and was sentenced to an eighty-seven-month term of imprisonment. He appeals the district court's denial of his motion to suppress evidence obtained from his Minneapolis residence pursuant to a search warrant, arguing that the warrant was invalid because the affidavit in support erroneously stated that the residence was owned by his son, Robert

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Charles Laliberte, and failed to mention documents showing an Arizona address for Robert Laliberte.

In reviewing the district court's denial of Defendant's suppression motion, we review the court's factual findings for clear error and consider the evidence in the light most favorable to the government. *United States v. Zamudio-Carrillo*, 499 F.3d 1206, 1209 (10th Cir. 2007). The ultimate question of reasonableness under the Fourth Amendment is a legal conclusion that we review de novo. *United States v. Grimmett*, 439 F.3d 1263, 1268 (10th Cir. 2006).

After holding a *Franks* hearing, *see Franks v. Delaware*, 438 U.S. 154 (1978), the district court held that the false statement in the affidavit was not made knowingly and intentionally or with reckless disregard for the truth, but was the result of an innocent mistake or simple negligence. As the court noted, the Minneapolis police officer who prepared the affidavit testified at the *Franks* hearing that his record check pulled up information tying both Charles Laliberte and Robert Charles Laliberte to the property and that he simply made an inadvertent mistake in identifying Robert Charles Laliberte rather than Charles Laliberte as the owner. We see nothing clearly erroneous about the court's decision to credit this testimony. We thus conclude that the warrant was not invalidated by the misstatement. *See United States v. Colonna*, 360 F.3d 1169, 1174 (10th Cir. 2004) ("[A] misstatement in an affidavit that is merely the result of simple negligence or inadvertence, as opposed to reckless disregard for the

truth, does not invalidate a warrant.")

As for the omission of information regarding Robert's Arizona address, the court found that this information had not been forwarded to the Minneapolis officer by the Wichita police department because they had not yet examined and processed these documents. Moreover, Robert had specifically told the Wichita police that he lived at the Minneapolis residence. The court therefore found that the information was not deliberately or recklessly omitted from the affidavit. We see nothing clearly erroneous about this finding.

Because we conclude that the court did not clearly err in finding that the misstatement regarding property ownership was inadvertent and that the information regarding Robert's possible Arizona address was not omitted deliberately or recklessly, we hold that the warrant was properly issued. Moreover, we note that the issue of Robert's residence was not material to the question of probable cause—regardless of whether Robert lived in Arizona or in Minnesota, the affidavit showed that the Minnesota residence had previously been used as a drug-trafficking destination and that it was the likely destination for the current load of drugs being transported by Robert and his colleague. Thus, we agree with the district court that the affidavit would still support probable cause even if the omitted information were included and the false statement removed.[1]

_____

[1] Defendant suggests that the warrant was invalid because he owned the residence and there is no evidence that he himself was involved with any criminal
<span style="text-align:right;display:block">(continued...)</span>

For the foregoing reasons, we **AFFIRM** the district court's denial of

Defendant's suppression motion.

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[1](...continued)
activity.  However, "[t]he critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought."  *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 (1978).