FILED
United States Court of Appeals
Tenth Circuit

August 25, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHARLES LALIBERTE,

Defendant - Appellant.

No. 10-3136

(D. Kansas)

(D.C. Nos. 6:10-CV-01059-WEB and
6:07-CR-10022-WEB-4)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Charles Laliberte entered a conditional plea of guilty to conspiracy to

distribute a controlled substance, reserving the right to appeal the denial of his

motion to suppress evidence. On appeal we affirmed the denial. *See United

States v. Laliberte*, 308 F. App'x 295 (10th Cir. 2009). Mr. Laliberte then filed a

motion under 18 U.S.C. § 2255 to set aside his conviction. The motion was

denied by the district court, and Mr. Laliberte now seeks a certificate of

appealability (COA) to appeal that denial. *See* 28 U.S.C. § 2253(c) (requiring

COA to appeal denial of application). We deny a COA and dismiss the appeal.

Mr. Laliberte's application for a COA and opening brief in this appeal is

rambling and incoherent. But it is clear that the gist of it relates to the search that

he challenged on his prior appeal. Although he contends that his attorney

rendered ineffective assistance, his pleading in this court does not mention any specific lapse by his attorney. Rather, his arguments address the merits of his suppression motion.

To obtain a COA in a § 2255 proceeding, the movant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

Under that standard, Mr. Laliberte is not entitled to a COA. His argument in this court is no more than a challenge to our ruling on his prior appeal. But we will not consider an issue raised under § 2255 that we have resolved on a prior appeal. *See United States v. Prichard*, 875 F.2d 789, 791 (10th Cir. 1989) (per curiam) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255.").

No reasonable jurist could debate that the district court erred in denying Mr. Laliberte's motion under § 2255.

We DENY the application for COA and dismiss the appeal.  We also DENY all pending motions.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge