FILED
United States Court of Appeals
Tenth Circuit

May 26, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHARLES A. LALIBERTE,

Petitioner - Appellant,

v.

UNITED STATES PROBATION,
District of Kansas; CHRISTOPHER
LEWIS,

Respondents - Appellees.

No. 16-3048
(D.C. No. 5:14-CV-03230-KHV)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **HARTZ**, and **MATHESON**, Circuit Judges.

Charles A. LaLiberte challenges the district court's dismissal of his 28 U.S.C.

§ 2241 habeas application as an unauthorized second or successive 28 U.S.C. § 2255

motion. We deny a certificate of appealability (COA) and dismiss this matter.

In 2007, Mr. LaLiberte was convicted of conspiracy to possess controlled

substances with intent to distribute. He was sentenced to 87 months of imprisonment

---

[*]     This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and three years of supervised release.[1]  He later filed an unsuccessful § 2255 motion. *See United States v. LaLiberte*, 393 F. App'x  573, 574 (10th Cir. 2010) (denying a COA).

In 2014, Mr. LaLiberte filed a § 2241 habeas application "challenging the execution of the . . . Judgement . . . as being constitutionally infirm."  R. at 3. Alleging that the judgment was entered despite violations of his rights to due process, equal protection, and the effective assistance of counsel, he requested that the district court vacate the conviction and expunge the records.  The district court held that these claims were properly asserted under § 2255, not under § 2241.  Because Mr. LaLiberte had already filed a § 2255 motion, the claims were second or successive § 2255 claims that the district court lacked jurisdiction to consider. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).  The court declined to transfer the application to this court for authorization and dismissed it without prejudice for lack of jurisdiction.

To appeal, Mr. LaLiberte must first obtain a COA.  *See United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013); *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008).  Although he has not filed an application for a COA, his notice of appeal will serve as a request for a COA.  *See* Fed. R. App. P. 22(b)(2).  Because the

---

[1]    Although Mr. LaLiberte was released from prison in July 2014, his supervised release continues until July 2017.  Accordingly, he remains "in custody" as required by both § 2241 and § 2255.  *See United States v. Cervini, 379 F.3d 987, 989 n.1 (10th Cir. 2004).*

- 2 -

district court's dismissal for lack of jurisdiction rests on procedural grounds, Mr. LaLiberte must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. LaLiberte contends that the district court erred in treating his application as an unauthorized second or successive § 2255 motion because it challenged the execution of his sentence and therefore properly was brought under § 2241. This argument is rooted in the differences between § 2241 applications and § 2255 motions:

> A petition brought under 28 U.S.C. § 2241 typically attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. A § 2255 motion, on the other hand, is generally the exclusive remedy for a federal prisoner seeking to attack the legality of detention, and must be filed in the district that imposed the sentence.

*Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (brackets, citation, and internal quotation marks omitted).

No matter how carefully Mr. LaLiberte tries to frame his claims as a challenge to the "execution" of the judgment, however, they actually attack the judgment's validity. He is not complaining about how the judgment is being administered, but instead is challenging its very existence. *See* R. at 4 ("Petitioner will allege his 'Right of Due Process', and his 'Right to Equal Protection of law', guaranteed by the Federal Constitution's Fourteenth Amendment was infringed [in the criminal

- 3 -

prosecution].”); *id.* at 7 (alleging that the district court lacked subject matter jurisdiction); *id.* at 8 (alleging violations of equal protection and the right to the effective assistance of counsel); *id.* at 9 (seeking the remedies of vacatur and expungement of the conviction). As the district court determined, such claims properly are brought under § 2255, not § 2241.

A district court has no jurisdiction to decide the merits of unauthorized second or successive § 2255 claims. *See In re Cline, 531 F.3d at 1251*. Reasonable jurists could not debate the propriety of the district court's decision to dismiss the filing.

A COA is denied and this matter is dismissed.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 4 -