**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MICHAEL DEWAYNE BELL,

      Defendant - Appellant.

No. 14-5116
(D.C. Nos. 4:10-CV-00138-GKF-TLW &
4:06-CR-00140-GKF-1)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.

    Michael Dewayne Bell, a federal prisoner proceeding pro se, seeks to appeal

the district court's dismissal of his Fed. R. Civ. P. 60(d)(3) motion as an

unauthorized second or successive 28 U.S.C. § 2255 motion. *See* 28 U.S.C.

§ 2255(h) (placing restrictions on second or successive § 2255 motions and requiring

circuit court authorization to proceed in district court). We deny a certificate of

appealability (COA) and dismiss this proceeding.

    Bell was convicted of aggravated bank robbery and carrying a firearm during

and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2113(a), (d),

---

[*]    This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

924(c)(1)(A)(ii).  We affirmed his conviction and sentence on appeal, and the United States Supreme Court denied his petition for certiorari.  He filed a pro se § 2255 motion to vacate, set aside, or correct his sentence, alleging that his appellate counsel provided ineffective assistance.  The district court denied relief, and this court denied his request for a COA.  Bell next filed a motion under Fed. R. Civ. P. 60(b) alleging that the district court failed to address five issues he had raised in his § 2255 motion.  The district court agreed that it had not considered two of his issues, and it proceeded to consider and deny those claims on their merits.  It deemed the remainder of the motion to be an unauthorized second or successive § 2255 motion, which it dismissed for lack of jurisdiction.  Bell appealed, and we denied his request for a COA.  He then filed a motion in the district court seeking leave to amend his original § 2255 motion under Fed. R. Civ. P. 15.  The district court deemed the motion to be yet another unauthorized successive § 2255 motion and dismissed it for lack of jurisdiction.  Bell appealed, and we again denied his request for a COA.

Most recently, Bell filed a motion in the district court to challenge his conviction alleging "fraud upon the court" and citing Rule 60(d)(3).  He argued fraud on the grounds that (1) the description of the weapon in the original indictment was changed in the superseding indictment, and (2) the prosecuting attorney knew she could not prove the elements of the third count of the indictment, which prohibits a convicted felon of possessing a firearm, but pursued this charge to prejudice the jury

- 2 -

concerning Bell's past criminal history. The district court deemed the motion an unauthorized successive § 2255 motion and dismissed it for lack of jurisdiction.

Mr. Bell now requests a COA from this court. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) ("[T]he district court's dismissal of an unauthorized § 2255 motion is a 'final order in a proceeding under section 2255' such that [28 U.S.C.] § 2253 requires petitioner to obtain a COA before he or she may appeal."). To obtain a COA, Mr. Bell must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). It matters not that Bell's current motion is based on Rule 60(d)(3), because this court has squarely held that a motion invoking the district court's inherent power to set aside a judgment obtained through fraud on the court under Rule 60(d)(3) is subject to the certification requirements of § 2255(h). *See United States v. Baker*, 718 F.3d 1204, 1207 (10th Cir. 2013) ("[W]e apply the same analysis, even when the motion asserts a fraud-on-the-court claim").

Bell's motion is subject to the authorization requirements of a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32, 538 (2005); *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). But authorization under § 2255(h) is not required "when a Rule 60(b) motion

- 3 -

attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532.

It is beyond dispute that Bell's allegations of prosecutorial misconduct or fraud attacked the integrity of the underlying trial, and not some defect in the integrity of the § 2255 proceeding itself. No jurist of reason could reasonably debate the correctness of the district court's determination that, without authorization under § 2255(h), it had no jurisdiction to consider Bell's motion. We deny a COA and dismiss this proceeding. We grant Bell's motion to proceed in forma pauperis on appeal.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk