FILED
United States Court of Appeals
Tenth Circuit

November 22, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

UMBERTO JURADO-BARAJAS,

    Defendant - Appellant.

No. 16-8075
(D.C. Nos. 2:02-CR-00039-ABJ-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

    Umberto Jurado-Barajas, a federal prisoner proceeding pro se, seeks to appeal the district court's dismissal of his filing styled as a "Petition for Writ of Certiorari." The court construed this filing as an unauthorized second or successive motion seeking relief under 28 U.S.C. § 2255 and dismissed it for lack of jurisdiction. We deny a certificate of appealability ("COA") and dismiss this proceeding.

    In 2002, Jurado-Barajas pleaded guilty to drug-related crimes and was convicted by a jury of possessing a firearm in furtherance of a drug trafficking offense. The district court sentenced him to 295 months' imprisonment. Jurado-Barajas filed a § 2255 motion in 2004. The district court denied relief, and

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

we denied his application for a COA and dismissed his appeal. Jurado-Barajas later received a sentence reduction based on a retroactive amendment to the sentencing guidelines. In 2016, he filed a "Petition for Writ of Certiorari" in his criminal case. The district court construed that filing as an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction.

Jurado-Barajas must obtain a COA to pursue an appeal of the district court's dismissal order. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008); *see also* 28 U.S.C. § 2253(c)(1)(B). We liberally construe his pro se opening brief and application for a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002). Because the district court's ruling rested on procedural grounds, Jurado-Barajas must show both "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We deny a COA because reasonable jurists would not debate the correctness of the district court's ruling that it lacked jurisdiction over Jurado-Barajas's filing because it was, in substance, an unauthorized second or successive § 2255 motion.

In his district court filing, Jurado-Barajas sought a sentence reduction based on the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Although he did not style his filing as a § 2255 motion, the district court ruled that the relief he sought must be pursued under that section. Absent authorization from

2

this court, the district court held it lacked jurisdiction to consider Jurado-Barajas'
§ 2255 motion.

In this court, Jurado-Barajas fails to address the district court's basis for dismissing his filing. He instead asserts that his trial and appellate counsel provided ineffective assistance and that his guilty plea was not knowing and voluntary. He does not dispute that he previously filed a first § 2255 motion and that he has not sought authorization from this court to file a second § 2255 motion.

The district court's procedural determination is not debatable. Motions asserting or reasserting claims of error in a prisoner's conviction are treated like second or successive § 2255 motions and are subject to the § 2255(h) authorization requirements. *See United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013); *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011) ("Congress long ago decided that a federal prisoner's attempt to attack the legality of his conviction or sentence generally must be brought under § 2255 . . . ."). And a district court lacks jurisdiction to address the merits of an unauthorized second or successive § 2255 motion. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

Jurado-Barajas fails to show that reasonable jurists would debate the correctness of the district court's procedural ruling. Accordingly, we deny his application for a COA and dismiss the appeal.

Entered for the Court

Elisabeth A. Shumaker

ELISABETH A. SHUMAKER, Clerk

3