**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 2, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN SCOTT PINKERTON,

Defendant - Appellant.

No. 18-8047
(D.C. No. 1:13-CR-00170-ABJ-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **BRISCOE**, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

John Scott Pinkerton, a federal prisoner proceeding pro se, seeks to appeal the district court's decision construing his motion for relief under Fed. R. Civ. P. 60(d)(3)[1] as a second or successive 28 U.S.C. § 2255 motion and dismissing it for lack of jurisdiction. To appeal from that dismissal, he must obtain a certificate of appealability (COA). *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). For the reasons that follow, we deny a COA and dismiss this matter.

---

\* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] That portion of Rule 60 states: "This rule does not limit a court's power to: . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3).

Mr. Pinkerton pleaded guilty to one count of attempted online enticement of a minor in violation of 18 U.S.C. § 2422(b). He was sentenced to 120 months in prison. He did not file a direct appeal, but he later filed a § 2255 motion. The district court dismissed the § 2255 motion as time-barred. Mr. Pinkerton did not seek a COA to appeal from that dismissal.

Since the dismissal of his § 2255 motion, Mr. Pinkerton has filed a number of unsuccessful post-judgment motions attempting to collaterally attack his conviction. Most recently, he filed the underlying Rule 60(d)(3) motion in which he requested that the district court dismiss his indictment and judgment with prejudice based on fraud on the court. The district court determined that Mr. Pinkerton's Rule 60(d)(3) motion was an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction. The district court then denied a COA.

Mr. Pinkerton now seeks a COA to appeal from the district court's decision.[2] To obtain a COA from the district court's procedural ruling, Mr. Pinkerton must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A pleading should be treated as a second or successive § 2255 motion "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's

---

[2] We construe the brief Mr. Pinkerton filed as a combined application for a COA and an opening brief.

2

underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d 1145 (10th Cir. 2006). A prisoner may not file a second or successive § 2255 motion unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id*. § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

The district court observed that Mr. Pinkerton argued the following in his Rule 60(d)(3) motion: "Title 18 of the United States Code was not properly enacted in 1948, therefore 18 U.S.C. § 3231 is not a law, thus the indictment and judgment in this case are based on fraud on the court by the Prosecutor and Judge . . ." R., Vol. 5 at 55 (internal quotation marks and citations omitted). The court concluded this was "a straightforward challenge to the legality of [Mr. Pinkerton's] conviction and sentence[;] [i]t 'in substance or effect asserts or reasserts a federal basis for relief from [his] underlying conviction.'" *Id*. at 56 (quoting *Spitznas*, 464 F.3d at 1215-16). The court therefore determined that the Rule 60(d)(3) motion must be treated as a second or successive § 2255 motion. Because Mr. Pinkerton had not received the proper authorization from this court to file a second or successive § 2255 motion, the district court dismissed it for lack of jurisdiction.

Mr. Pinkerton first argues that the district court should not have recharacterized his Rule 60(d)(3) motion as a § 2255 motion, citing to the Supreme Court's decision in *Castro v. United States*, 540 U.S. 375 (2003). In *Castro*, the Court agreed with a number

3

of appellate courts, including ours, "that a district court may not recharacterize a *pro se* litigant's motion as a request for relief under § 2255—unless the court first warns the *pro se* litigant about the consequences of the recharacterization, thereby giving the litigant the opportunity to contest the recharacterization, or to withdraw or amend the motion." 540 U.S. at 382. The Court explained, however, that this limitation on the district courts' recharacterization powers applied only "when a court recharacterizes a *pro se* litigant's motion as a *first* § 2255 motion." *Id*. at 383 (emphasis added). We have likewise held that this restriction on recharacterization does not apply where the prisoner previously filed a § 2255 motion. *See Nelson*, 465 F.3d at 1149. Because Mr. Pinkerton had previously filed a § 2255 motion before he filed the underlying Rule 60(d)(3) motion, the *Castro* decision did not limit the district court's ability to recharacterize the Rule 60(d)(3) motion as a § 2255 motion.

Mr. Pinkerton next argues that he "had an absolute right to file a [Rule] 60(d)(3) Motion and not have it reconstrued as anything else." COA Br. at 4. In *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013), we rejected the assertion "that a motion invoking the district court's inherent power to set aside a judgment obtained through fraud on the court is not subject to the certification requirements in § 2255(h) if it is brought under Fed. R. Civ. P. 60(d)(3) . . . ." We acknowledged that a pleading "alleging fraud on the court in a *federal habeas proceeding*" could be properly brought in a motion under Fed. R. Civ. P. 60(b). *Baker*, 718 F.3d at 1207 (emphasis added). "But a motion alleging fraud on the court in a defendant's criminal proceeding must be considered a second-or-successive collateral attack because it asserts or reasserts a challenge to the

4

defendant's underlying conviction." *Id.* Because Mr. Pinkerton's Rule 60(d)(3) motion alleged fraud on the court in his criminal proceeding, reasonable jurists could not debate the district court's decision to construe it as a second or successive § 2255 motion and dismiss it for lack of jurisdiction.

Accordingly, we deny a COA and dismiss this matter. We grant Mr. Pinkerton's motion to proceed on appeal without prepayment of costs or fees.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

5