FILED
United States Court of Appeals
Tenth Circuit

November 14, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RANDY JAY DYKE,

    Defendant - Appellant.

No. 18-3163
(D.C. No. 2:10-CR-20037-JWL-2)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **MATHESON**, and **EID**, Circuit Judges.
_____

Randy Jay Dyke, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's dismissal of his post-judgment motion

challenging his 2012 conviction and sentence. We deny a COA and dismiss this appeal.

A federal jury found Dyke guilty of drug, forgery, and counterfeiting charges.

*United States v. Dyke*, 718 F.3d 1282, 1284 (10th Cir. 2013). We affirmed. *Id.* at 1294.

Dyke filed a § 2255 motion in 2014. The district court denied relief, and this court

denied a COA and dismissed his appeal. R. at 70-72. In 2018, Dyke filed a pleading

titled "Motion To the Honorable Court to Correct Plain Error and a Complete

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Miscarriage of Justice Based Upon a Compromise of the Integrity of the Court."

R. at 209. The district court construed this filing as an unauthorized second or successive § 2255 motion and dismissed it for lack of jurisdiction.

Dyke must obtain a COA to pursue an appeal. *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008); *see also* 28 U.S.C. § 2253(c). We liberally construe his pro se opening brief and application for a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002). Because the district court's ruling rested on procedural grounds, Dyke must show *both* "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

Dyke devotes the majority of his application for a COA to arguments supporting the merits of his constitutional claims. But even assuming that he has demonstrated that his motion states a debatable claim of the denial of a constitutional right, he must *also* show that the district court's procedural ruling is debatable. The district court held that Dyke's motion was a second or successive § 2255 motion because he was challenging numerous aspects of his 2012 conviction and sentence. *See United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) (explaining that motions asserting or reasserting claims of error in a prisoner's conviction are treated like second or successive § 2255 motions and are subject to the § 2255(h) authorization requirements). The court dismissed the motion because it lacked jurisdiction to address the merits of an

2

unauthorized second or successive § 2255 motion. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Dyke does not dispute that he previously filed a first § 2255 motion and that he has not sought authorization from this court to file a second § 2255 motion. He instead argues that the district court erred in dismissing his motion because "when a complete miscarriage of justice has occurred, . . . [t]his court cannot ignore or turn a blind eye or ear to the substantial facts, and must rule on the merits as argued and correct the errors at any[]time." COA App. at 26. Dyke is mistaken. "[I]n 28 U.S.C. § 2255 Congress has chosen to afford every federal prisoner the opportunity to launch at least one collateral attack to any aspect of his conviction or sentence." *Prost v. Anderson*, 636 F.3d 578, 583 (10th Cir. 2011). Dyke exercised that opportunity when he filed his first § 2255 motion in 2014. Congress has also provided a *limited* opportunity to file a second or successive attack:

> Recognizing the enhanced finality interests attaching to a conviction already tested through trial, appeal, *and* one round of collateral review, . . . Congress has specified that only certain claims it has deemed particularly important—those based on newly discovered evidence suggestive of innocence, or on retroactively applicable constitutional decisions—may be brought in a second or successive motion.

*Id.* at 583-84. Such a second or successive motion requires this court's authorization before it can be filed in the district court. *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006).

We hold that reasonable jurists would not debate the district court's ruling that it lacked jurisdiction over Dyke's motion because it was an unauthorized second or successive § 2255 motion. We therefore deny a COA and dismiss this appeal.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

4