FILED
United States Court of Appeals
Tenth Circuit

May 21, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES E. BAKER,

Defendant-Appellant.

No. 12-3341
(D.C. Nos. 6:06-CR-10129-JTM-1 &
6:09-CV-01130-JTM)
(D. Kan.)

**ORDER**

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

At the direction of the panel, the Order Denying Certificate of Appealability

issued in this matter originally on May 6, 2013, shall be published. The Clerk is

directed to reissue the attached decision as one for publication forthwith.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

FILED
United States Court of Appeals
Tenth Circuit

May 6, 2013

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES E. BAKER,

Defendant-Appellant.

No. 12-3341
(D.C. Nos. 6:06-CR-10129-JTM-1 &
6:09-CV-01130-JTM)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

James E. Baker, a federal prisoner proceeding pro se, seeks to appeal the

district court's dismissal for lack of jurisdiction of his motion for relief pursuant to

Fed. R. Civ. P. 60(d)(3) and *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S.

238 (1944), *overruled on other grounds by Standard Oil Co. of Cal. v. United States*,

429 U.S. 17 (1976). We deny a certificate of appealability (COA) and dismiss this

proceeding.

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**Background**

Baker was convicted by a jury in 2006 of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). The jury found him not guilty on a second count of possession of stolen ammunition, in violation of § 922(j). Baker was sentenced to 235 months' imprisonment. After an unsuccessful appeal to this court, *see United States v. Baker*, 508 F.3d 1321 (10th Cir. 2007), denial of rehearing en banc, *see United States v. Baker*, 523 F.3d 1141 (10th Cir. 2008), and denial of his petition for certiorari, *see Baker v. United States*, 555 U.S. 853 (2008), Baker filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The district court denied relief and we denied a COA. Baker subsequently filed two motions for authorization to file a second-or-successive § 2255 motion with this court, both of which were denied. The district court also dismissed for lack of jurisdiction Baker's "Motion to Reconsider and Vacate Enhancement" as an unauthorized second-or-successive § 2255 motion, and we denied a COA.

Baker's latest attempt to challenge his conviction was a motion filed in the district court alleging "fraud upon the court" and citing Rule 60(d)(3). He argued that the prosecutor knowingly allowed unlawfully seized evidence to be presented to the district court in his criminal trial and also knew or should have known that testimony by a police witness regarding the date and time of his arrest was false. The district court concluded that Baker's motion asserted a new ground for relief from his conviction, rather than attacking a defect in the integrity of his previously conducted

§ 2255 proceeding. Therefore, because his motion sought § 2255 relief in substance, if not in form, and Baker had not obtained authorization from this court to file a second-or-successive § 2255 motion, the district court dismissed his motion for lack of jurisdiction.

## Standard of Review

Baker must obtain a COA to pursue an appeal. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). Because the district court's ruling rests on procedural grounds, he must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We deny a COA. Reasonable jurists would not find debatable the district court's ruling that it lacked jurisdiction over Baker's motion because it was an unauthorized second-or-successive § 2255 motion.

## Discussion

A prisoner must obtain this court's authorization to file a second-or-successive § 2255 motion. *See* 28 U.S.C. §§ 2255(h); 2244(b)(3). A prisoner's post-judgment motion is treated like a second-or-successive § 2255 motion—and is therefore subject to the authorization requirements of § 2255(h)—if it asserts or reasserts claims of error in the prisoner's conviction. *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). In contrast, if the motion "seeks to correct an error in the

previously conducted [§ 2255] proceeding itself," it is not characterized as a successive motion.  *Id.*  "[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading."  *Id.* at 1148.

Baker does not contend that his motion seeks to correct an error in his § 2255 proceeding.  Rather, his fraud-on-the-court allegations relate solely to his underlying criminal proceeding.  Thus, under *Nelson*, the district court did not err in dismissing his motion as an unauthorized second-or-successive § 2255 motion.  But Baker asserts that a motion invoking the district court's inherent power to set aside a judgment obtained through fraud on the court is not subject to the certification requirements in § 2255(h) if it is brought under Fed. R. Civ. P. 60(d)(3) and *Hazel-Atlas*.  We disagree.

In *Hazel-Atlas*, the Supreme Court held that a federal court possesses inherent power to vacate a judgment obtained by fraud on the court.  *See* 322 U.S. at 248-49.  The Court thus "recognized what is now referred to as the 'fraud on the court' doctrine."  *Robinson v. Audi Aktiengesellschaft*, 56 F.3d 1259, 1266 (10th Cir. 1995).  Rule 60(b) sets forth grounds upon which a party may move the district court to grant relief from a final judgment.  And Rule 60(d)(3) confirms that Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court."  Before December 1, 2007, when the rule was amended to add subsection (d)(3), substantively identical savings-clause language regarding fraud-on-the-court claims

- 4 -

was included in Rule 60(b). *See* Fed. R. Civ. P. 60(b) (eff. Aug. 1, 1987) (providing that "[t]his rule does not limit the power of a court to . . . set aside a judgment for fraud upon the court"). The Supreme Court has noted that the inherent power to set aside a judgment due to fraud on the court, as recognized in *Hazel-Atlas*, was reflected and confirmed in former Rule 60(b). *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 233-34 (1995) (stating that Rule 60(b) "reflects and confirms the court's own inherent and discretionary power, 'firmly established in English practice long before the foundation of our Republic,' to set aside a judgment whose enforcement would work inequity" (quoting *Hazel-Atlas*, 322 U.S. at 244)). A fraud-on-the-court claim may be brought either as an independent action preserved by the savings clause in Rule 60(d)(3), or as a claim under Rule 60(b)(3), which provides for relief from judgment based on "fraud . . ., misrepresentation, or misconduct by an opposing party." *See Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1291 (10th Cir. 2005) (noting "courts have allowed parties to file a claim for fraud on the court under subsection (b)(3)"). In either case, this court applies the same demanding standard of proof for establishing a fraud on the court. *See id.*

The fact that Baker labeled his motion as brought under *Hazel-Atlas* and the savings-clause language in Rule 60(d)(3) does not change the analysis we use to determine if his pleading is an unauthorized second-or-successive § 2255 motion. "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *Nelson*, 465 F.3d at 1149. Thus, we apply the same analysis, even

- 5 -

when the motion asserts a fraud-on-the-court claim. In *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006), in which we first construed the Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005), we held that "a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." We then discussed when a Rule 60(b) motion alleging fraud on the court is properly considered a motion seeking relief under 28 U.S.C. §§ 2254 or 2255. *See Spitznas*, 464 F.3d at 1216. We stated that a motion alleging fraud on the court in a federal habeas proceeding constitutes a true 60(b) motion. *See id.*; *see also Gonzalez*, 545 U.S. at 532 n.5 (citing "[f]raud on the federal habeas court" as an example of a defect in the integrity of a federal habeas proceeding that could be challenged in a Rule 60(b) motion). But a motion alleging fraud on the court in a defendant's criminal proceeding must be considered a second-or-successive collateral attack because it asserts or reasserts a challenge to the defendant's underlying conviction. *See Spitznas*, 464 F.3d at 1216.

In *In re Pickard*, 681 F.3d 1201, 1206-07 (10th Cir. 2012), we noted that *Spitznas* did not involve a fraud claim of any kind, and we therefore characterized as dictum a portion of the discussion in *Spitznas*, *see* 464 F.3d at 1216, regarding the types of fraud-on-the-court allegations necessary to bring a "true" Rule 60(b)

motion.[1]  But in *Berryhill v. Evans*, 466 F.3d 934, 937-38 (10th Cir. 2006), we had applied the reasoning in *Gonzalez* and *Spitznas* to hold that a defendant's Rule 60(b) motion alleging fraud on the court was an unauthorized second-or-successive § 2254 petition.  The defendant in *Berryhill* claimed in his motion that state court rulings related to his conviction and his direct appeal were void due to fraud on the court. *Id.* at 937.[2]  We construed these claims as "seek[ing] to assert or reassert habeas claims (alleged fraud committed regarding his original sentence and direct appeal) . . ., resulting in a merits-based attack on [the defendant's] state convictions." *Id.*  Because the defendant's motion was therefore a second-or-successive habeas petition, and he had not obtained authorization from this court to file it, we concluded that the district court lacked jurisdiction to reach the merits of his motion.  *See id.* at 938.

Our holding in *Berryhill* is controlling in this case.  To the extent that Baker attempts to distinguish *Berryhill* because his motion invoked the district court's inherent power to set aside a judgment for fraud on the court under *Hazel-Atlas*, as

---

[1]  We note that the *Spitznas* analysis we deemed to be dictum in *Pickard* is not relevant to the claims Baker asserted in his motion.  In *Pickard*, we expressed concern about language in *Spitznas* limiting the scope of challenges a defendant could raise in a Rule 60(b) motion regarding defects in the integrity of a federal habeas proceeding.  *See* 681 F.3d at 1206-07.  Here, as we have noted, Baker does not make any claim of fraud on the court in his § 2255 proceeding.

[2]  The defendant in *Berryhill* also asserted there was fraud on the court in his federal habeas proceeding, *see* 466 F.3d at 937, but our holding as to that allegation is not relevant here because, again, Baker does not make that claim as to his § 2255 proceeding.

opposed to the court's statutory authority to set aside a judgment under Rule 60(b), we are not persuaded.

The Supreme Court in *Gonzalez* emphasized that petitioners cannot circumvent the statutory certification requirements applicable to second-or-successive applications by filing pleadings that are labeled as motions under Rule 60(b), but are habeas corpus petitions in substance. *See Gonzalez*, 545 U.S. at 531-32. Applying that reasoning, we look at the relief sought, rather than a pleading's title or its form, to determine whether it is a second-or-successive collateral attack on a defendant's conviction. *See Nelson*, 465 F.3d at 1149 (noting that "[t]he reasoning of *Gonzalez* does not depend on which rule the prisoner invokes" (quotation omitted)). In *Nelson*, we considered the interplay between § 2255 and the Federal Rules of Civil Procedure and concluded that a defendant cannot elude the certification requirements in § 2255(h) by filing a motion under Rules 15 and 60(b) that attacks his underlying conviction. *Id.* at 1147-49. We have applied the same analysis in concluding that a defendant cannot avoid the limitations on successive § 2255 motions by labeling his pleading as filed under the All Writs Act, 28 U.S.C. § 1651(a). *See United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002). We said that "to allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255." *Id.*; *see also Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment,

- 8 -

mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference.  It is substance that controls.").

It is clear that, had Baker filed his fraud-on-the-court claim in a motion seeking relief under Rule 60(b), his pleading would be considered a second-or-successive collateral attack on his conviction.  *See Berryhill*, 466 F.3d at 937-38.  Baker cites no authority and offers no reasoned basis for this court to conclude that an identical claim seeking the same relief, but invoking the district court's inherent power under Rule 60(d)(3) and *Hazel-Atlas*, is exempt from the certification requirements in § 2255(h).

### Conclusion

Because Baker has not shown that jurists of reason would find it debatable whether the district court was correct in ruling that his motion was an unauthorized second-or-successive § 2255 motion, we deny his application for a COA and dismiss the appeal.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 9 -