FILED
United States Court of Appeals
Tenth Circuit

February 11, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

ARNOLD ZALER,

  Defendant - Appellant.

No. 14-1474
(D.C. Nos. 1:08-CR-00089-RM-1 &
1:12-CV-02925-RM)
(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **GORSUCH**, **EBEL**, and **MORITZ**, Circuit Judges.

---

Arnold Zaler seeks to appeal from the district court's dismissal of his "Motion

to Vacate Sentence Based on Fraud Upon the Court" as an unauthorized second

28 U.S.C. § 2255 motion that the district court lacked jurisdiction to consider. We

deny a certificate of appealability (COA) and dismiss this matter.

After being convicted of several fraud charges and unsuccessfully appealing

his concurrent 15-year sentences, *see United States v. Zaler*, 405 F. App'x 301, 302,

317 (10th Cir. 2010), Mr. Zaler pursued relief under § 2255, asserting that the district

court had improperly increased his sentences because the district judge had an

---

[*]     This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

affinity with Judaism and was offended that Mr. Zaler, who is a Jew, victimized other Jews. The § 2255 motion was denied as untimely, and this court denied a COA. *See United States v. Zaler*, 537 F. App'x 808, 809 (10th Cir. 2013).

In 2014, through counsel, Mr. Zaler filed a "Motion to Vacate Sentence Based on Fraud Upon the Court" re-raising the claims from his § 2255 motion. Mr. Zaler asserted that this motion, based upon *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), was "distinct from a 2255 motion," and therefore it was "not a second or successive 2255 motion that must be certified by the Tenth Circuit pursuant to 28 U.S.C. § 2255(h)." Aplt. App. at 121. The district court disagreed. Relying on *United States v. Baker*, 718 F.3d 1204 (10th Cir. 2013), it applied the authorization requirements and dismissed the motion for lack of jurisdiction.

Before this court, Mr. Zaler, still represented by counsel, asserts that "an actual motion for fraud upon the court filed pursuant to *Hazel-Atlas* is not a 2255 motion. If Zaler is correct, the district court order dismissing Zaler's motion for fraud upon the court is a final decision that does not require a COA . . . ." Aplt. Br. at 9. As discussed below, however, Mr. Zaler is not correct; the district court was. Therefore, Mr. Zaler must obtain a COA. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). To do so, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

- 2 -

district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In *Baker*, this court held that a motion alleging fraud on the court in the underlying criminal proceeding, brought under Fed. R. Civ. P. 60(d)(3) and *Hazel-Atlas*, was subject to the authorization requirements of § 2255(h). 718 F.3d at 1207-08. Like the district court, we see Mr. Zaler's efforts to distinguish *Baker* as "a distinction without a difference." Aplt. App. at 283. Mr. Zaler seeks to attack the validity of his sentences, a quintessential § 2255 claim, and *Baker* requires his filing to be considered as a second § 2255 motion. Therefore, no reasonable jurist could debate the court's decision to dismiss the motion for lack of jurisdiction. *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) ("[I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading.").

Relying on *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), which was decided weeks after *Baker*, Mr. Zaler suggests that the courts' equitable power to consider a claim of fraud upon the court survived the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA). *McQuiggin* held that when a prisoner made a convincing actual-innocence claim in his first federal habeas application, the courts could apply an equitable exception to AEDPA's one-year limitations period. *Id.* at 1931-34. Pointing to *McQuiggin*'s statement that "we will not construe a statute to displace courts' traditional equitable authority absent the clearest command," *id.* at

- 3 -

1934 (internal quotation marks omitted), Mr. Zaler argues that "*McQuiggin* clearly reaffirms that absent a clear congressional command, courts are not to construe 'actual' motions for fraud upon the court under AEDPA so as to displace the courts' equitable power," Aplt. Br. at 26.

It was important in *McQuiggin*, however, that the prisoner sought to bring an untimely *first* habeas application.  133 S. Ct. at 1934.  Notably, *McQuiggin* also recognized that Congress, through 28 U.S.C. § 2244(b), intended to "modify" and "constrain[]" the role of "actual innocence" with respect to second or successive habeas applications.  133 S. Ct. at 1933-34 (emphasis omitted).  Congress similarly has modified and constrained second or successive § 2255 motions.  *See* 28 U.S.C. § 2255(h).  We are not persuaded that a reasonable jurist could debate whether *McQuiggin* allows Mr. Zaler to circumvent § 2255(h)'s restrictions simply by recasting his original untimely § 2255 claim as a claim of fraud upon the court.

A COA is denied and this matter is dismissed.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk