FILED
United States Court of Appeals
Tenth Circuit

April 1, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LAUREN ELIZABETH SCOTT,

    Defendant - Appellant.

No. 15-8121
(D.C. Nos. 1:15-CV-00173-SWS &
1:12-CR-00058-SWS-2)
(D. Wyo.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, Chief Judge, **MATHESON** and **McHUGH**, Circuit Judges.

Defendant Lauren Elizabeth Scott, a federal prisoner proceeding pro se, seeks to appeal the district court's dismissal of what it construed to be an unauthorized second or successive motion under 28 U.S.C. § 2255. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). Ms. Scott contends that the district court erred in construing her "Petition to Vacate Judgement for Fraud on the Court (Fed. R. Civ. P. 60(d)(3))" as a § 2255 motion and that it further erred in concluding that it was second or successive. We deny a certificate of appealability (COA) and dismiss the matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.

Ms. Scott pled guilty to fraud and money-laundering charges arising from a scheme in which she and others took money from investors for "wind farm" projects in Wyoming that did not actually exist. Following an aborted appeal (she voluntarily dismissed her appeal before any briefs were filed), she filed a § 2255 motion. The district court denied relief and this court denied a COA, *United States v. Scott*, No. 15-8030, Order Denying COA (Oct. 20, 2015). Shortly before we issued our order denying COA, Ms. Scott filed what she contended was an independent action under Fed. R. Civ. P. 60(b)(3) for fraud on the court. She contended that the government perpetrated a fraud on the court by (1) keeping the grand jury empaneled more than 18 months without a court order, *see* Fed. R. Crim. P. 6(g); and (2) fabricating evidence and producing perjured testimony at two pretrial hearings. She argued that her conviction and sentence should therefore be set aside.

The district court concluded that Ms. Scott's petition was in substance a § 2255 motion because it attacked her conviction and sentence. It further concluded that this was her second § 2255 motion and that she had not obtained circuit authorization before filing it. The court therefore dismissed the matter for lack of jurisdiction.

## II.

To appeal the district court's dismissal, Ms. Scott must first obtain a COA under 28 U.S.C. § 2253(c)(1)(B). *See United States v. Baker*, 718 F.3d 1204, 1206

(10th Cir. 2013) (requiring COA to appeal dismissal of filing that district court construed as unauthorized second or successive § 2255 motion). Because the district court's dismissal rests on procedural grounds, Ms. Scott must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We conclude that reasonable jurists could not debate the propriety of construing Ms. Scott's purported Rule 60(b) petition as a § 2255 motion. *See Baker*, 718 F.3d at 1206-07 (holding that where fraud-on-the-court allegations related to underlying criminal proceedings and not to integrity of § 2255 proceedings, district court properly construed Rule 60 motion as § 2255 motion). We further conclude that reasonable jurists could not debate the propriety of construing the § 2255 motion as a second or successive motion.

Ms. Scott contends the motion is not second or successive because the district court entered an amended judgment on November 16, 2015, after she filed her first § 2255 motion. *See Magwood v. Patterson*, 561 U.S. 320, 323-24 (2010). But the record shows that the district court has never amended the judgment as to Ms. Scott. The order it entered on November 16, 2015, merely identified the successor in interest of one of the payees to whom Ms. Scott's co-defendant, Robert Arthur Reed, owes restitution. That order had no effect on Ms. Scott's judgment. So the district

court properly construed her Rule 60(d)(3) motion as a second or successive § 2255 motion. Because Ms. Scott did not obtain our authorization before filing the motion, *see* 28 U.S.C. §§ 2244(b)(3), 2255(h), the district court properly dismissed it for lack of jurisdiction, *see In re Cline*, 531 F.3d at 1252.

We therefore deny a COA and dismiss this matter. We grant Ms. Scott's motion to proceed on appeal without the prepayment of fees or costs.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk