**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DELMART E.J.M. VREELAND, II,

    Petitioner - Appellant,

v.

DAVID ZUPAN; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

    Respondents - Appellees.

No. 19-1244
(D.C. No. 1:14-CV-02175-PAB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Delmart Vreeland II, a Colorado prisoner proceeding pro se, seeks to appeal the

district court's denial of his "Motion to Resolve Claim of Hostility and Bias Against

Petitioner by Chief Judge Philip A. Brimmer" (Bias Motion), and his "Motion for Relief

from Judgment and Orders Pursuant to Federal Rules of Civil Procedure Rule 60(b) and

(d)" (Rule 60 Motion). We deny a certificate of appealability (COA) and dismiss this

proceeding.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

A Colorado jury convicted Mr. Vreeland of offenses including sexual exploitation of a child, sexual assault, and contributing to the delinquency of a minor. After unsuccessfully seeking relief from his conviction in the Colorado courts he pursued a federal habeas application under 28 U.S.C. § 2254. The district court denied his application. We affirmed the denial and denied his request for an expanded COA. *Vreeland v. Zupan*, 906 F.3d 866, 883 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 1586 (2019).

Mr. Vreeland then filed the two motions at issue in this appeal. In his Bias Motion, he asserted that the lawyers who had represented him in his habeas application and appeal told him "that Judge Brimmer hates Vreeland and all Vreeland's constant litigation clog[g]ing up his docket, is openly hostile toward anything Vreeland submits or associated with Vreeland, and will never grant a fair ruling or any form of hearing on anything filed on behalf of Vreeland." R., Vol. 4 at 688. Vreeland offered two explanations for these statements: either his attorneys were attempting to cover up their own "gross negligence or deception," or Judge Brimmer was in fact biased and "hates Vreeland and his litigation." *Id.* at 690; *see id.* at 691. He asked the district court to "address and resolve this matter in the way the Court deems necessary." *Id.*

The district court denied the motion. To the extent Mr. Vreeland attempted "to raise a claim against his attorneys for any negligence and deception," the court reasoned, "'[t]he ineffectiveness or incompetence of counsel during . . . postconviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.'" *Id.* at

2

874-75 (quoting 28 U.S.C. § 2254(i)).  To the extent Vreeland alleged that Judge Brimmer was biased or prejudiced against him, he had failed to "submit a timely and sufficient affidavit of personal bias and prejudice."  *Id.* at 875.

In his Rule 60 Motion, Vreeland asserted "that the integrity of the habeas corpus proceedings were corrupted by acts of [his counsel and the state's counsel] during the habeas corpus process."  *Id.* at 698.  He claimed his attorneys assured him that they had reviewed the entire record and that they had found no physical evidence relevant to his claims.  But unbeknownst to him, he claimed, the state's counsel had failed to produce "the entire trial record and all physical evidences" as ordered, *id.* at 702, and counsel "had deceived Vreeland when they stated they had reviewed the trial court records," *id.* at 707.  He further complained that due to the state's non-compliance and his own attorneys' negligence, the district court "simply re-quot[ed] the trial and [Colorado Court of Appeals] written opinions . . . without ever looking at [relevant physical evidence]" that would have exonerated him, *id.* at 717, and "entered judgment without first reviewing the evidence favorable to Vreeland," *id.* at 724.  Vreeland asserted this court's decision-making process in his habeas appeal was corrupted for similar reasons.

The district court determined the Rule 60 Motion was actually an unauthorized second or successive habeas corpus application and dismissed it for lack of jurisdiction.  *See* 28 U.S.C. § 2244(b)(3) (requiring petitioner to obtain prior circuit authorization before filing a second or successive § 2254 application in district court).  The court further reasoned that even if the Rule 60 Motion was a "true" Rule 60(b) motion that did not require prior authorization, the motion should be denied, for two reasons:

3

(1) Vreeland had not shown "extraordinary circumstances" warranting Rule 60(b) relief, and (2) the motion was untimely.

After Vreeland filed his notice of appeal, we partially remanded to the district court to determine whether to issue a COA. The district court denied a COA. Mr. Vreeland now seeks a COA from this court.

## DISCUSSION

To obtain a COA, Mr. Vreeland must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a claim on the merits, the habeas petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But when a district court has dismissed a claim on procedural grounds he must show that reasonable jurists could debate both the validity of the court's ruling on the constitutional claim and the correctness of the court's procedural ruling. *See id.*

In reviewing a motion under Fed. R. Civ. P. 60(b) seeking relief from an order denying a habeas petition, the courts must determine the nature of the motion by examining the relief sought. A Rule 60(b) motion that "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction" is a second-or-successive application that requires authorization from this court before it can proceed. *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) (applying authorization requirement to Rule 60(b) motions that "assert or reassert a federal basis for relief from [an] underlying conviction"). But a motion is a "true" Rule 60(b) motion, not

4

a second-or-successive application, "if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id.* at 1215-16 (citations omitted).[1]

## I.  Bias Motion

As part of his argument that the Bias Motion should have been resolved differently, Mr. Vreeland contends Judge Brimmer should recuse himself from this case and from all cases to which Mr. Vreeland is a party.  *See* COA Appl. at 28.  An order denying recusal is a collateral order that does not require a COA for appeal.  *See Harbison v. Bell*, 556 U.S. 180, 183 (2009) (The COA requirement applies only to "final orders that dispose of the merits of a habeas corpus proceeding.").  We therefore deny a COA on the recusal issue as unnecessary.

---

[1]  Mr. Vreeland's motion also cited "fraud on the court" under Rule 60(d).  A fraud-on-the-court claim is second or successive "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas*, 464 F.3d at 1215; *see also United States v. Baker*, 718 F.3d 1204, 1207 (10th Cir. 2013) (explaining that a fraud-on-the court claim may be brought either as an independent action under Rule 60(d)(3) or as a motion under Rule 60(b)(3), but the label does not change the analysis used to determine whether it is an unauthorized second or successive petition).  Mr. Vreeland's assertions that the state's counsel failed to produce the entire state-court record, and that his attorneys failed to cite to it, fall short of alleging a "fraud" on the habeas court.  *See Thomas v. Parker*, 609 F.3d 1114, 1120 (10th Cir. 2010) (rejecting claim that submission of incomplete and incorrect grievance paperwork by prison officials amounted to fraud on the court).

Turning to the merits, we review the denial of a recusal motion for an abuse of discretion. *See United States v. Wells*, 873 F.3d 1241, 1250 (10th Cir. 2017). For the reasons stated by the district court, Judge Brimmer did not abuse his discretion in declining to recuse himself from this case. We therefore affirm the denial of recusal.

In the same motion, Mr. Vreeland also suggests his attorneys either made false statements about Judge Brimmer's bias to conceal their own deceptive conduct in his habeas case, or, if the statements were true, failed to protect him from Judge Brimmer's bias. *See* COA Appl. at 21. We will assume this portion of his claim attempts to attack the integrity of the habeas corpus proceedings and was therefore not subject to dismissal as an unauthorized second or successive habeas claim. But this claim still requires a COA in order to proceed. *See Spitznas*, 464 F.3d at 1217-18. Mr. Vreeland argues the district court erred in relying on 28 U.S.C. § 2254(i) to bar this claim because his attorneys acted with "gross negligence and deception" rather than mere "ineffectiveness or incompetence." COA Appl. at 22 (internal quotation marks omitted). But he fails to show that the district court's basis for denying the claim—that an attack on his attorneys' performance concerning Judge Brimmer's alleged bias was not cognizable in habeas proceedings—was reasonably debatable. We therefore deny a COA concerning this claim.

## II. Rule 60 Motion

Mr. Vreeland fails to show a debatable issue concerning the district court's denial of his Rule 60 Motion. In his motion Mr. Vreeland claimed that had his habeas counsel reviewed the entire record (as they said they did) they would have realized that (1) police

6

recordings of conversations between himself and his trial counsel revealed that trial counsel withdrew because of their own misconduct rather than his unreasonable behavior, making it unconstitutional to compel Mr. Vreeland to proceed pro se at trial; (2) there were unconstitutional defects in the trial proceedings; and (3) he was innocent of the offenses charged against him. He further argues that counsel should have made these arguments, based on the entire record. Even assuming these allegations could survive the § 2254(i) bar, they represent attempts to reassert claims for relief and the district court's determination that they are second or successive is not reasonably debatable. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 n.5 (2005) ("[A]n attack based on . . . habeas counsel's omissions, . . . ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.").

Mr. Vreeland also argues that the district court failed to obtain and consider the entire state-court record before ruling on his claims. We need not decide if this is a legitimate ground for relief under Rule 60(b) because the district court's alternative conclusion—that Mr. Vreeland is not entitled to Rule 60(b) relief—is not reasonably debatable.

The district court concluded Mr. Vreeland failed to file his Rule 60 Motion within a reasonable time after he was provided with its December 20, 2016, order dismissing the action. His motions were not filed until June 2019, two and one-half years later. He attacks the district court's conclusion, arguing that (1) he did not discover the omissions from the state-court record until February 2018, and (2) the district court did not permit him to file his motion pro se until his attorneys withdrew from the case in May 2019. *See*

7

COA Appl. at 29-31. But he admits that his attorneys knew or should have known the habeas record was incomplete before the order denying habeas relief even was entered. *See, e.g.*, COA Appl. at 14 (stating counsel knew the state-court record was incomplete); *id.* at 18 (stating counsel lied to Vreeland about having read the state-court record).[2]

After the district court made its decision, counsel could have filed a Rule 60(b) motion on Mr. Vreeland's behalf within a reasonable time, arguing that the district court had ruled on his claims based on an incomplete record. But they did not file such a motion, and Mr. Vreeland is bound by the actions or inactions of his counsel. *See Martin v. Mukasey*, 517 F.3d 1201, 1203 (10th Cir. 2008) ("It is a longstanding principle that in our system of representative litigation each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." (alteration and internal quotation marks omitted)). In addition, as we have already stated, any omission by his attorneys in either failing to obtain and cite the entire record, or to seek reconsideration after the district court failed to do so, cannot give rise to habeas relief. *See* 28 U.S.C. § 2254(i).

---

[2] Indeed, if the state-court record constituted "newly discovered evidence," Mr. Vreeland's claim would plainly have been second or successive. *See Spitznas*, 464 F.3d at 1216 (stating "a motion seeking leave to present newly discovered evidence in order to advance the merits of a claim previously denied" should be treated as a second or successive habeas petition (internal quotation marks omitted)).

**CONCLUSION**

We deny a certificate of appealability (COA) and dismiss this proceeding. We grant Mr. Vreeland's motion to proceed in forma pauperis.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk