FILED
United States Court of Appeals
Tenth Circuit

May 26, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRETT J. WILLIAMSON,

    Defendant - Appellant.

No. 20-3187
(D.C. Nos. 2:18-CV-02667-KHV &
2:13-CR-20011-KHV-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

Petitioner-Appellant Brett Williamson, a federal inmate appearing pro se, seeks a Certificate of Appealability (COA) to appeal the district court's denial of his motion for relief from judgment under Fed. R. Civ. P. 60(b)(4) and his motion for reconsideration of that denial. He also seeks records relating to the appointment of the district court judge that presided over his trial on the basis that such records are necessary to demonstrate that the district court lacked jurisdiction over his trial.

On June 11, 2014, a jury convicted Mr. Williamson of three counts of attempting to employ, use, persuade, entice or coerce a minor to engage in sexually explicit conduct

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

for the purpose of transmitting a live visual depiction of such conduct, and transmitting the visual depiction in interstate commerce, in violation of 18 U.S.C. § 2251(a); and three counts of using a facility of interstate commerce to attempt to persuade, induce, entice, or coerce an individual under the age of 18 to engage in sexual activity for which a person could be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b).  On May 28, 2015, Mr. Williamson received a life sentence.  His convictions were affirmed on direct appeal.  United States v. Williamson, 859 F.3d 843 (10th Cir. 2017), cert. denied 138 S. Ct. 1324 (2018).

In September 2019, Mr. Williamson filed a motion to vacate his sentence under 28 U.S.C. § 2255.  The district court overruled the motion.  United States v. Williamson, 2019 WL 4601560 (D. Kan. Sept. 23, 2019).  Since then, Mr. Williamson has filed a series of motions seeking reconsideration of the district court's denial of his § 2255 motion.  The subject of this appeal is the district court's denial of his Rule 60(b)(4) motion for relief from the district court's judgment denying his § 2255 motion, United States v. Williamson, No. 13-20011-01-KHV, 2020 WL 4192310 (D. Kan. July 21, 2020), and the district court's denial of his motion to reconsider his Rule 60(b)(4) motion, United States  v. Williamson,  No. 13-20011-KHV, 2020 WL 4596865 (D. Kan. Aug. 11, 2020).

Mr. Williamson's Rule 60(b)(4) motion and motion for reconsideration raised a variety of due process claims in arguing that the district court's judgment on his § 2255 petition was void.  Construing Mr. Williamson's pro se motions liberally, the district court denied the motions on two grounds.  First, it concluded that, to the extent Mr.

2

Williamson claimed he was denied due process because the district court failed to address all of the claims raised in his original § 2255 petition, his claim should be treated as a "true" Rule 60(b) motion, rather than a second or successive habeas petition.[1] Williamson, 2020 WL 4192310 at *2; see also Spitznas v. Boone, 464 F.3d 1213, 1225 (10th Cir. 2006). Nevertheless, the district court explained that it had specifically addressed Mr. Williamson's argument that the original order did not rule on all his claims and arguments in an earlier order, and that Mr. Williamson had received notice and an opportunity to be heard "through multiple memoranda in support of his Section 2255 motion." Williamson, 2020 WL 4192310, at *2. It therefore concluded that Mr. Williamson was not entitled to relief under Rule 60(b)(4) because he received due process throughout the habeas proceeding. Id.; see also United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270–71 (2010).

As to Mr. Williamson's substantive arguments, the district court concluded that Mr. Williamson was not entitled to relief as a procedural matter, because he could not use Rule 60(b)(4) as a substitute for raising arguments that should have been raised on direct appeal. Williamson, 2020 WL 4192310, at *2. On a subsequent limited remand from

---

[1] Consistent with the district court's interpretation, the motions at issue primarily assert that Mr. Williamson was denied due process based on the district court's misapprehension of the arguments raised in his § 2255 petition. However, to the extent Mr. Williamson's motion can also be interpreted to assert grounds for relief from his conviction not raised in the original § 2255 petition, his motion seeks "§ 2255 relief in substance, if not in form." United States v. Baker, 718 F.3d 1204, 1205–06 (10th Cir. 2013). Because Mr. Williamson has not received authorization from this court to file a second or successive § 2255 motion, that aspect of the motion would be procedurally barred. United States v. Springer, 875 F.3d 968, 982–83 (10th Cir. 2017).

3

this court, the district court denied Mr. Williamson a COA on these orders. <u>United States</u> <u>v. Williamson</u>, No. 13-20011-01-KHV, 2020 WL 5593841 (D. Kan. Sept. 18, 2020).

To obtain a COA from this court, Mr. Williamson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim has been denied on the merits, the petitioner must demonstrate that reasonable jurists "would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). Where a claim has been denied on procedural grounds, the petitioner must also demonstrate that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." <u>Id.</u>

Neither of the district court's conclusions are reasonably debatable. The district court, on more than one occasion, considered and rejected Mr. Williamson's argument that it misapprehended or failed to address all the claims raised in his § 2255 petition. <u>See generally</u> <u>United States v. Williamson</u>, No. 13-20011-01-KHV, 2020 WL 1433492 (D. Kan. Mar. 24, 2020); <u>Williamson</u>, 2020 WL 4192310, at *2. In doing so, the district court reiterated its determinations on the arguments raised in Mr. Williamson's original § 2255 petition. Mr. Williamson's Rule 60(b)(4) motion and motion for reconsideration therefore do not state a valid claim for denial of due process on his § 2255 claims. <u>See</u> <u>Spitznas</u>, 464 F.3d at 1225. Moreover, Mr. Williamson's substantive arguments involve claims that could have been raised on direct appeal. As a procedural matter, it is not reasonably debatable that Rule 60(b)(4) does not permit parties to raise arguments that

4

should have been raised on direct appeal.  See Espinosa, 559 U.S. at 270; Johnson v. Spencer, 950 F.3d 680, 698–99 (10th Cir. 2020).

Contending that they are necessary to demonstrate that his conviction is void for lack of jurisdiction, Mr. Williamson also seeks records relating to the appointment of the district judge that sat by designation in the District of Kansas to preside over his trial. Mr. Williamson did not argue in his original § 2255 petition that his conviction was void due to a defect in the district court's appointment to preside over his trial and he has not received authorization from this court to pursue that argument in a second or successive § 2255 petition.  Mr. Williamson is therefore procedurally barred from pursuing this claim.  See Springer, 875 F.3d at 982.  His motion for records is denied on that basis.

We DENY a COA, DENY the motion for records, and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

5