**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 6, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES CORNELIUS CHRISTIAN,

Defendant - Appellant.

No. 22-6016
(D.C. Nos. 5:19-CV-00975-R &
5:17-CR-00068-R-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

James Cornelius Christian, a federal prisoner proceeding pro se, seeks a

certificate of appealability (COA) from the district court's denial of his motion to

reopen his 28 U.S.C. § 2255 proceedings.  The district court construed the motion as

an unauthorized second or successive § 2255 motion and dismissed it for lack of

jurisdiction.  We deny a COA and dismiss this matter.

**I.     BACKGROUND & PROCEDURAL HISTORY**

In 2017, a federal grand jury in the Western District of Oklahoma indicted

Mr. Christian on two counts of being a felon in possession of a firearm.  He went to

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

trial, primarily arguing an entrapment defense because a government informant had allegedly plied him with sex and drugs to help her sell at least one of the guns he was charged with possessing. In a general verdict, the jury acquitted on the first count but convicted on the second. The district court then sentenced him to 235 months, which was the low end of the advisory guidelines range, given Mr. Christian's criminal history.

On direct appeal, Mr. Christian argued: (i) the jury must have agreed with his entrapment defense as to the first count, and (ii) the government could never have developed evidence for the second count but for the actions that supported the first count, therefore (iii) all evidence supporting the second count should have been excluded. *See United States v. Christian*, 754 F. App'x 747, 750 (10th Cir. 2018). This court rejected the argument because the jury gave a general verdict (so it was not clear the jury agreed with the entrapment defense) and, regardless, there is no exclusionary rule for evidence gained through conduct later deemed to be entrapment. *See id.*

Mr. Christian then filed a § 2255 motion. He argued that the government violated various constitutional guarantees by employing a confidential informant who, in turn, used sex and drugs to persuade him to participate in selling guns. The district court denied the motion, finding that Mr. Christian raised these arguments, or could have raised them, on direct appeal. This court denied a COA. *See United States v. Christian*, 816 F. App'x 304 (10th Cir. 2020).

2

Finally, in January 2022, Mr. Christian filed a motion captioned "Motion to Reopen 28 U.S.C. § 2255 Pursuant to Rule 15(c)(2)(b) Federal Rules of Civil Procedure - Relation Back Doctrine." R. vol. II at 402 (capitalization normalized). The first line of that motion further invoked "Rule 60(b)(1)(2)(3)(4)(5) and (6)," *id.*, and the substance of the motion focused on showing why all forms of Rule 60(b) relief are appropriate means of vacating his conviction and releasing him, given the confidential informant's behavior and the government's reliance upon her. He also argued that circumstances in prison unfairly prevented him from filing a reply brief in support of his original § 2255 motion.

The district court treated Mr. Christian's argument about his reply brief as a legitimate Rule 60(b) argument and denied relief on the merits, reasoning he had waited too long to raise the issue. The district court deemed Mr. Christian's other arguments to constitute, in substance, an unauthorized second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h). It accordingly dismissed those portions of his motion for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). The district court also denied a COA.

## II.    ANALYSIS

Mr. Christian's notice of appeal and COA application do not mention the district court's denial of Rule 60(b) relief as to the reply brief he never had a chance to file. Accordingly, we deem him to have abandoned that issue, *see, e.g.*, *Johnson v. Spencer*, 950 F.3d 680, 703 n.7 (10th Cir. 2020), and we focus on the claims the district court dismissed for lack of jurisdiction.

3

To merit a COA, Mr. Christian must "ma[ke] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And he must make an extra showing in this circumstance because the district court denied his motion on a procedural ground, namely, lack of jurisdiction. So he must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

"[W]e look at the relief sought, rather than a pleading's title or its form, to determine whether it is a second-or-successive collateral attack on a defendant's conviction." *United States v. Baker*, 718 F.3d 1204, 1208 (10th Cir. 2013). If a pleading "asserts or reasserts claims of error in the prisoner's [federal] conviction," it is substantively a § 2255 motion. *Id.* at 1206. Mr. Christian's motion unquestionably fits this description. The district court therefore correctly dismissed Mr. Christian's motion for lack of jurisdiction. Jurists of reason could not disagree with the district court's procedural disposition, so we may not grant a COA. *See Slack*, 529 U.S. at 484.

## III.   CONCLUSION

We deny Mr. Christian's application for a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

4