FILED
United States Court of Appeals
Tenth Circuit

August 1, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JAMES CORNELIUS CHRISTIAN,

    Defendant - Appellant.

No. 24-6092
(D.C. Nos. 5:24-CV-00353-R &
5:17-CR-00068-R-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.
_____

James Cornelius Christian, proceeding pro se,[1] seeks a certificate of appealability

(COA) to appeal from the district court's determination that his motion under

Federal Rule of Civil Procedure 60(b) is an unauthorized second or successive 28 U.S.C.

§ 2255 motion that it lacked jurisdiction to consider.  We deny a COA and dismiss this

matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Christian appears pro se, we liberally construe his filings.  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  But we do not make arguments for pro se litigants or otherwise advocate on their behalf.  *Id.*

Mr. Christian was convicted of being a felon in possession of a firearm. He was sentenced to 235 months in prison, which reflected an enhanced sentence under the Armed Career Criminal Act. This court affirmed his conviction and sentence on direct appeal. Mr. Christian then filed a § 2255 motion, which the district court denied, and this court denied a COA.

He subsequently filed a Rule 60(b) motion seeking to reopen his § 2255 motion to amend it to reassert claims challenging his conviction. The district court determined that Mr. Christian's motion was actually a second or successive § 2255 motion and therefore dismissed it for lack of jurisdiction because he had not obtained an order from this court authorizing the district court to consider the motion.

To obtain a COA when the district court resolves a motion on procedural grounds, Mr. Christian must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He has not made this showing.

A federal prisoner, like Mr. Christian, may not file a second or successive § 2255 motion unless he first obtains an order from this court authorizing the district court to consider the motion. *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013) (citing 28 U.S.C. §§ 2244(b)(3), 2255(h)). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

We have explained that "[i]t is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *United States v. Nelson*, 465 F.3d

2

1145, 1149 (10th Cir. 2006). A post-judgment pleading that seeks to correct an error in the previously conducted § 2255 proceedings can properly be brought as a Rule 60(b) motion, but if the pleading seeks relief from a conviction or sentence, it is a successive § 2255 motion. *See id.* at 1147.

Here, Mr. Christian did not assert any procedural error in the disposition of his original § 2255 motion; instead, he sought to amend his original § 2255 motion to reassert challenges to his conviction. Such a motion should be treated as a second or successive § 2255 motion. *See id.* at 1148-49; *Baker*, 718 F.3d at 1206 (explaining that a post-judgment motion should be treated as a second or successive § 2255 motion "if it asserts or reasserts claims of error in the prisoner's conviction"). Reasonable jurists therefore could not debate the correctness of the district court's procedural ruling that Mr. Christian's Rule 60(b) motion was an unauthorized successive § 2255 motion over which it lacked jurisdiction.

Accordingly, we deny a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk