FILED
United States Court of Appeals
Tenth Circuit

June 12, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARLON ALONZO SMITH,

    Defendant - Appellant.

No. 25-4033
(D.C. Nos. 2:21-CV-00081-DN &
2:16-CR-00020-DN-1)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, **BACHARACH**, and **CARSON,** Circuit Judges.
_____

Marlon Alonzo Smith, proceeding pro se, seeks a certificate of appealability (COA) to appeal from the district court's dismissal of his Federal Rule of Civil Procedure 60(b) motion. We deny a COA and dismiss this matter.

A federal jury convicted Smith of possessing methamphetamine with the intent to distribute. The district court sentenced him to 180 months in prison. This court affirmed his conviction on direct appeal. He later filed a 28 U.S.C. § 2255 motion, which he amended, and then the district court denied the amended motion. This court denied a COA.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Smith subsequently filed a Rule 60(b) motion, arguing the government failed to disclose evidence to the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and asserting his judgment was void. The district court concluded Smith's Rule 60(b) motion was a second or successive § 2255 motion because he was challenging the validity of his underlying conviction and sentence. And because Smith had not obtained authorization from this court to file a successive § 2255 motion, the district court dismissed the Rule 60(b) motion for lack of jurisdiction. Smith now seeks a COA to appeal from the district court's dismissal order.

To obtain a COA where, as here, a district court has dismissed a filing on procedural grounds, Smith must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural issue. *Id.* at 485.

A federal prisoner, like Smith, may not file a second or successive § 2255 motion unless he first obtains an order from this court authorizing the district court to consider the petition. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

We have explained that "[a] prisoner's post-judgment motion is treated like a second-or-successive § 2255 motion—and is therefore subject to the authorization

2

requirements of § 2255(h)—if it asserts or reasserts claims of error in the prisoner's conviction." *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013). "In contrast, if the motion seeks to correct an error in the previously conducted § 2255 proceeding itself, it is not characterized as a successive motion." *Id.* (brackets and internal quotation marks omitted).

Smith argues the district court erred in treating his Rule 60(b) motion as a second or successive § 2255 motion because he is challenging a defect in the integrity of the court proceedings. In support of his argument, he cites *In re Pickard*, 681 F.3d 1201 (10th Cir. 2012), and *United States v. Hall*, 737 F. App'x 889 (10th Cir. 2018).

In *Pickard*, 681 F.3d at 1207, we held that "[d]efendants' claim in their Rule 60(b) motion that the prosecution violated its *Brady/Giglio* duties at trial was properly characterized by the district court as a second-or-successive claim." But we concluded defendants' claim "that the prosecutor committed fraud in the § 2255 proceedings that prevented [them] from obtaining discovery to establish their § 2255 claims," was properly brought in a Rule 60(b) motion because it "challenge[d] the integrity of the § 2255 proceedings." *Id.* at 1205, 1206. Likewise, in *Hall*, 737 F. App'x at 891, the defendant "alleged fraud on the court in the § 2255 proceedings, not in the underlying criminal proceeding," so we concluded that reasonable jurists could debate the district court's procedural determination treating the Rule 60 motion as a second or successive § 2255 motion.

But Smith's *Brady* claim in his Rule 60(b) motion relates to the government's alleged failure to disclose evidence prior to his criminal trial, not to anything that

3

happened during his § 2255 proceedings.  *See* R. vol. II at 153 (arguing that the suppressed evidence "could have been used to show reasonable doubt to the jury"). Because Smith's Rule 60(b) motion asserted a claim of error in his conviction and did not seek to correct an error in the previously conducted § 2255 proceeding itself, reasonable jurists could not debate the district court's procedural ruling dismissing his Rule 60(b) motion as an unauthorized[1] second or successive § 2255 motion.

Accordingly, we deny a COA and dismiss this matter.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

---

[1] Smith does not dispute that he did not obtain authorization from this court to file a second or successive § 2255 motion.