**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**December 31, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARLON ALONZO SMITH,

    Defendant - Appellant.

No. 25-4111
(D.C. Nos. 2:21-CV-00081-DN &
2:16-CR-00020-DN-1)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, Chief Judge, **KELLY** and **EID**, Circuit Judges.
_____

Marlon Alonzo Smith, proceeding pro se, seeks a certificate of appealability

(COA) to appeal from the district court's dismissal of his motion under Rule 60(b) of the

Federal Rules of Civil Procedure.  We deny a COA and dismiss this matter.

A federal jury convicted Smith of possessing methamphetamine with the intent to

distribute based on drugs that were found in the trunk of the rental car he was driving.

The district court sentenced him to 180 months in prison.  This court affirmed his

conviction on direct appeal.  He later filed a 28 U.S.C. § 2255 motion, which the district

court denied.  This court denied a COA.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The motion at issue in this appeal is Smith's fourth attempt to obtain relief under Rule 60(b). In it, he asserted the government withheld exculpatory evidence about the rental car contract; suppressed evidence about the medical condition of the drug detection dog; presented false trial testimony about the rental car agreement and the Utah Highway Patrol's connection to the jail; withheld surveillance footage of the search of the car; and made a false claim that no cameras existed where the car was searched. He also argued the district court should consider the cumulative effect of all these alleged due process violations.

The district court noted that Smith's three prior 60(b) motions, which raised the same and substantially similar arguments, were dismissed without prejudice for lack of subject matter jurisdiction because they were second or successive § 2255 motions. The district court concluded that Smith's fourth 60(b) motion was also second or successive because he was challenging the validity of his underlying conviction and sentence. And because Smith had not obtained authorization from this court to file a successive § 2255 motion, the district court dismissed the 60(b) motion for lack of jurisdiction. Smith now seeks a COA to appeal from the district court's dismissal order.

To obtain a COA where, as here, a district court has dismissed a filing on procedural grounds, Smith must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address

the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural issue.  *Id.* at 485.

A federal prisoner, like Smith, may not file a second or successive § 2255 motion unless he first obtains an order from this court authorizing the district court to consider the petition.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion.  *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

We have explained that "[a] prisoner's post-judgment motion is treated like a second-or-successive § 2255 motion—and is therefore subject to the authorization requirements of § 2255(h)—if it asserts or reasserts claims of error in the prisoner's conviction."  *United States v. Baker*, 718 F.3d 1204, 1206 (10th Cir. 2013).  "In contrast, if the motion seeks to correct an error in the previously conducted § 2255 proceeding itself, it is not characterized as a successive motion."  *Id.* (brackets and internal quotation marks omitted).

Smith argues the district court erred in treating his Rule 60(b) motion as a second or successive § 2255 motion and dismissing it because his motion is challenging a defect in the integrity of the court proceedings.  But his 60(b) motion asserts or reasserts claims of error that occurred before or during his trial—it does not challenge any defect in his § 2255 proceeding.  Reasonable jurists therefore could not debate the district court's procedural ruling dismissing his Rule 60(b) motion as an unauthorized second or successive § 2255 motion.

3

Accordingly, we deny a COA and dismiss this matter.  We grant Smith's motion for leave to proceed without prepayment of costs or fees.

Entered for the Court

Per Curiam