**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 9, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ANDREW JOHN YELLOWBEAR, JR.,

    Petitioner - Appellant.

v.

BRIDGET HILL,

    Respondent - Appellee.

No. 20-8071
(D.C. No. 0:20-CV-00218-NDF)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HOLMES**, **EID**, and **CARSON**, Circuit Judges.
_____

Andrew John Yellowbear, Jr. seeks to appeal from the district court's dismissal of his Federal Rule of Civil Procedure 60(b) motion as an unauthorized second or successive 28 U.S.C. § 2254 habeas petition. Construing his notice of appeal as an application for a certificate of appealability ("COA"), we deny his application and dismiss this appeal.[1]

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Yellowbear filed an opening brief, but he did not file an application for a COA. In such cases, we treat the notice of appeal as a request for a COA. *See* Fed. R. App. P. 22(b)(2) ("If no express request for a [COA] is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."); *Frost v. Pryor*, 749 F.3d 1212, 1222 n.6 (10th Cir. 2014) (construing notice of appeal as a request for a COA).

I. Background

Mr. Yellowbear was charged with first-degree murder following the death of his 22-month-old daughter. During his trial in Wyoming state court, he filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, arguing that the crime scene was in "Indian Country," and the state courts, therefore, lacked jurisdiction over his crime. At the conclusion of the trial, Mr. Yellowbear was convicted and sentenced to life in prison.

Shortly thereafter, the district court entered an order denying the § 2241 petition. We reversed the denial of the § 2241 petition and remanded to the district court. Following remand, Mr. Yellowbear recharacterized his petition as one being brought pursuant to § 2254. He later voluntarily dismissed two claims. The remaining claim challenged the Wyoming Supreme Court's determination that the crime scene was not in Indian Country. The district court denied the petition, and we affirmed the district court's decision. The Supreme Court denied Mr. Yellowbear's petition for a writ of certiorari.

Mr. Yellowbear later filed a motion seeking relief under Federal Rule of Civil Procedure 60(b). His motion again challenged the jurisdiction of the Wyoming state court in which he was convicted. Because the motion challenged the legality of his conviction—not a defect in the habeas proceeding itself—the district court construed the Rule 60(b) motion as an unauthorized second or successive § 2254 habeas petition and denied it. This court denied Mr. Yellowbear's request for a COA.

Mr. Yellowbear subsequently filed an "independent action" under Federal Rule of Civil Procedure 60(d)(1) in which he presented another Rule 60(b) motion. Aplt. App. at 4. He sought an order from the district court vacating the judgment finding him guilty

2

of murder because "the State of Wyoming did not have jurisdiction over the situs of the alleged crime for which he was convicted." *Id.* The district court determined that Mr. Yellowbear's motion was "advancing a merits-based attack on the disposition of his § 2254 petition, both by the habeas court and the Tenth Circuit." *Id.* at 64-65. It explained that this was "not permitted and may only be advanced by prior authorization to file a second or successive petition." *Id.* at 65. Because Mr. Yellowbear had not obtained authorization to file a second or successive § 2254 habeas petition, the district court dismissed the motion for lack of jurisdiction. The district court also denied a COA. Mr. Yellowbear now seeks to appeal from the district court's dismissal order.

## II. Discussion

To appeal from a "final order in a habeas proceeding," Mr. Yellowbear must obtain a COA. 28 U.S.C. § 2253(c)(1)(A). The district court's dismissal of Mr. Yellowbear's unauthorized § 2254 habeas petition is a final order in a habeas proceeding such that § 2253 requires him to obtain a COA before he may appeal. *Cf. United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008) (holding that "the dismissal of an unauthorized § 2255 motion is a final order in a proceeding under section 2255 such that § 2253 requires petitioner to obtain a COA before he or she may appeal" (internal quotation marks omitted)). To obtain a COA from the district court's procedural ruling, Mr. Yellowbear must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the latter

3

part of the test is determinative: no reasonable jurist could debate the district court's procedural decision to dismiss the Rule 60(b) motion for lack of jurisdiction.

A prisoner may not file a second or successive § 2254 habeas petition unless he first receives authorization from the court of appeals. 28 U.S.C. § 2244(b)(3)(A). In the absence of such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas petition. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). A Rule 60(b) motion should be treated as a second or successive § 2254 habeas petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). A Rule 60(b) motion should not be treated as a second or successive § 2254 petition if it "challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application . . . or challenges a defect in the integrity of the federal habeas proceeding . . . ." *Id.* at 1216.

In his Rule 60(b) motion, Mr. Yellowbear asserted that he was challenging a "jurisdictional ruling," which he contended should be exempt from the restrictions on federal review of his Wyoming state conviction. Aplt. App. at 6-7. He brought the following four grounds for relief: 1) the district court employed the wrong standard of review when considering his first § 2254 habeas petition; 2) this court erred in concluding it could not review certain claims because they were not exhausted when it affirmed the denial of his first § 2254 habeas petition; 3) issue preclusion applied to Mr. Yellowbear's claim of lack of jurisdiction and the site of the crime was a former allotment and thus retained its character as Indian Country; and 4) this court was wrong in *Wyoming v.*

4

*United States Environmental Protection Agency*, 875 F.3d 505, 509-10 (10th Cir. 2017), when it concluded that Congress diminished the boundaries of the Wind River Reservation in Wyoming in 1905 and vacated the Environmental Protection Agency's decision, which had reached the opposite conclusion.

The district court determined that these contentions did not challenge a defect in the integrity of Mr. Yellowbear's habeas proceeding, but instead "reassert[ed] a federal basis for relief from his underlying conviction (i.e., that the state district court lacked jurisdiction because the crime scene was in Indian Country)." Aplt. App. at 60. It therefore concluded that Mr. Yellowbear's Rule 60(b) motion "must be treated as an unauthorized second or successive § 2254 claim over which this court lacks jurisdiction." *Id.*

In his brief, Mr. Yellowbear argues that the district court erred in characterizing his Rule 60(b) motion as a successive § 2254 habeas petition. He asserts that "[t]he motion below *was* solely a challenge to a jurisdictional ruling and not to a normal, substantive claim of legal or factual error," and should be "exempt from the purview of 28 U.S.C. § 2254 restrictions on federal review of Mr. Yellowbear's Wyoming state conviction." Aplt. Br. at 7-8. But Mr. Yellowbear provides no legal authority to support the proposition that challenges to jurisdiction are treated differently than other substantive claims of legal or factual error when determining whether a motion is asserting a second or successive § 2254 claim. And we have held to the contrary with respect to a federal prisoner's Rule 60(b) motion that raised jurisdictional challenges to his conviction and sentence. *See Cline*, 531 F.3d at 1253 (concluding that district court

5

properly treated jurisdictional challenges in Rule 60(b) motion as unauthorized second or successive § 2255 claims "because they all substantively challenge the constitutionality of [the movant's] conviction and detention, and are effectively indistinguishable from habeas claims" (internal quotation marks omitted)).

Mr. Yellowbear also contends that his Rule 60(b) motion "challenge[d] only a procedural ruling of the habeas courts in prior litigation which precluded a merits determination of whether jurisdiction was defective in the state court which tried [him]." Aplt. Br. at 7 (internal quotation marks omitted). This appears to relate to his contention in his Rule 60(b) motion that "the application of an improper standard of review in a habeas proceeding constitutes . . . a procedural ruling that affected [his] due process rights and foreclosed a proper merits determination . . . ." Aplt. App. at 6. But he provided no authority for this contention in his Rule 60(b) motion. And, as the district court noted, Mr. Yellowbear's "contention that [his] claims were improperly adjudged using a deferential standard of review . . . does not challenge a procedural ruling that precluded a merits determination." *Id.* at 64. Instead, the district court explained that "[t]here was a merits determination on [his] § 2254 petition" that "included this very issue." *Id.*

In his first habeas proceeding, the district court rejected Mr. Yellowbear's argument that his jurisdictional claim should be reviewed de novo instead of under the more deferential standard of review in § 2254(d)(1), and then proceeded to deny his habeas petition on the merits. *See Yellowbear v. Wyo. Att'y Gen.*, 636 F. Supp. 2d 1254, 1258, 1259, 1272 (D. Wyo. 2009). We affirmed the district court's disposition,

6

*Yellowbear v. Att'y Gen. of Wyo.*, 380 F. App'x 740, 740 (10th. Cir. 2010), and the

Supreme Court denied certiorari, *Yellowbear v. Salzburg*, 131 S. Ct. 1488 (2011).  As we

explained in *Spitznas*, "a 60(b) motion is a second or successive petition if it in substance

or effect asserts or reasserts a federal basis for relief from the petitioner's underlying

conviction."  464 F.3d at 1215.  The district court therefore correctly determined that

Mr. Yellowbear's Rule 60(b) motion, which reasserted his disagreement with the habeas

court about the standard of review for considering his jurisdictional claim, constituted "a

merits-based attack on the disposition of his § 2254 petition" and "may only be advanced

by prior authorization to file a second or successive petition."  Aplt. App. at 64-65.

The remaining propositions in Mr. Yellowbear's opening brief raise the same or

similar merits-based attacks on his conviction as those presented in his Rule 60(b)

motion, and do not address the district court's procedural ruling dismissing that motion

for lack of jurisdiction as an unauthorized second or successive § 2254 habeas petition.

We therefore decline to address those arguments as they do not relate to the only issue

before us.

Finally, the fact that Mr. Yellowbear presented his Rule 60(b) motion in a

pleading styled as an independent action under Rule 60(d)(1), does not change the

analysis we use to determine if his pleading is an unauthorized second or successive

§ 2254 habeas petition.  *See United States v. Baker*, 718 F.3d 1204, 1205-06, 1208

(10th Cir. 2013) (denying a COA from the dismissal of a Rule 60(d)(3) motion, which the

district court construed as an unauthorized second or successive § 2255 motion, and

explaining that "we look at the relief sought, rather than a pleading's title or its form, to

determine whether it is a second-or-successive collateral attack on a defendant's conviction"). Here, the relief Mr. Yellowbear sought was an order from the district court vacating the judgment finding him guilty of murder because "the State of Wyoming did not have jurisdiction over the situs of the alleged crime for which he was convicted." Aplt. App. at 4. The district court properly characterized Mr. Yellowbear's pleading as a second or successive collateral attack on his conviction.

III. Conclusion

Reasonable jurists would not find debatable the district court's procedural ruling that it lacked jurisdiction over Mr. Yellowbear's motion because it was an unauthorized second or successive § 2254 habeas petition. We therefore deny a COA and dismiss this appeal. We also deny Mr. Yellowbear's "Motion to Take Judicial Notice of Attached Documents."

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk