FILED
United States Court of Appeals
Tenth Circuit

June 2, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DELANO MARCO MEDINA,

Defendant - Appellant.

No. 22-1053
(D.C. Nos. 1:19-CV-01976-PAB &
1:14-CR-00396-PAB-1)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

Delano Marco Medina, a federal prisoner proceeding pro se, seeks a certificate

of appealability (COA) from the district court's denial of his Federal Rule of Civil

Procedure 60(b) motion to reopen his 28 U.S.C. § 2255 proceedings.  The district

court construed the motion as an unauthorized second or successive § 2255 motion

and dismissed it for lack of jurisdiction.  We deny a COA and dismiss this matter.

## I.     BACKGROUND & PROCEDURAL HISTORY

### A.     Conviction & Appeal

A federal grand jury in the District of Colorado indicted Medina in October

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2014 on a single felon-in-possession charge. In June 2015, the grand jury handed down a superseding indictment, adding charges for bank fraud, mail theft, and identity theft. But the states of Colorado, Kansas, and Nevada were prosecuting Medina at the same time, so Medina did not appear in federal court to answer the federal charges until January 2017.

Once in federal court, Medina moved to dismiss the superseding indictment, asserting that the delay between the indictment and his first appearance violated his Sixth Amendment right to a speedy trial. More specifically, he claimed his phone went missing during that timeframe, so he could no longer access electronic records showing, for example, that he was not where the indictment alleged him to be at the time of the charged crimes.

In April 2017, the district court held an evidentiary hearing on Medina's motion. The hearing included testimony from Medina's grandmother that she retrieved his phone from his belongings stored at a Colorado jail, but the phone went missing after that. At the end of the hearing, the district court denied the motion, reasoning (among other things) that Medina had failed to show his missing phone was the only possible source for the electronic records in question.

Medina then brought various other pretrial motions, not relevant here. But he eventually agreed to plead guilty to a subset of charges in the superseding indictment, while reserving his right to appeal the district court's speedy-trial ruling.

On appeal, we accepted Medina's argument that the delay between the indictment and his initial appearance led to the irretrievable loss of his cell phone.

2

But we concluded, like the district court, that Medina had "not established that he could not obtain the alleged alibi information from sources other than his cell phone. . . . [J]ust because information stored in multiple places is not available from one source does not mean it is not available from any source." *United States v. Medina*, 918 F.3d 774, 791 (10th Cir. 2019). We therefore affirmed. *Id.* at 793.

## B.    First § 2255 Motion

Returning to the district court, Medina filed a 28 U.S.C. § 2255 motion. Among other things, he claimed ineffective assistance of counsel at the speedy trial hearing because his attorney failed to call additional witnesses and submit affidavits, all of which would have bolstered his claim that the electronic records in question became "truly irretrievable" when he lost his phone. R. vol. 1 at 89. In support, Medina attached three affidavits.

The first affidavit was from his mother. She stated that Medina's Facebook profile had been deleted, his cell phone carrier cannot track lost phones, and his bank statements were "only partially helpful" or "not definitive." *Id.* at 113.

The second affidavit was from Medina's ex-wife. She stated she no longer had access to text messages between herself and Medina from the relevant time frame.

The third affidavit was from Medina's grandmother. As noted above, she ended up testifying at the speedy trial hearing about the loss of Medina's cell phone. Her affidavit, however, said nothing about the phone, or about efforts to recover lost information.

3

Before the district court decided the § 2255 motion, Medina filed a motion to expand the record, attaching two new affidavits. The first was from his aunt, who stated that she could not find his Facebook page and could not recover it because Medina "could not remember his email." *Id.* at 299. She also "confirmed [via a Facebook support page] that [a Facebook] account could be deleted." *Id.* The second affidavit was from Medina's brother, who stated that he tried to help Medina recover his Gmail account but Google requires either a backup e-mail address or a phone number. Apparently Medina had no backup e-mail address, and Google did not recognize his phone number. Medina's brother further stated that another brother "and his teenage friends stole the phone," and they "may have deleted the email account from the phone." *Id.* at 300. Finally, he "determined [via a Google support page that a Gmail] account could be erased." *Id.*

The district court denied Medina's § 2255 motion. In relevant part, the district court addressed Medina's ineffective-assistance argument as follows:

> While Mr. Medina argues that these witnesses would show how the cell phone and location data are irretrievable, as the Tenth Circuit found on appeal, the issue is not whether the cell phone data was irretrievable, a point which Mr. Medina demonstrated, but whether the information was unavailable from other sources. Even if Mr. Medina and his witnesses testified that the cell phone data was irretrievable, there is no reasonable probability that the result of the proceeding would have been different because such testimony does not relate to the ability of Mr. Medina to get that information from other sources.

4

R. vol. 1 at 367 (citations, alterations, and internal quotation marks omitted).  The

district court also denied Medina's motion to expand the record.  Finally, the court

denied a COA.

Medina filed a notice of appeal, and his application for a COA is pending

before this court in Case No. 21-1300.

### C.    Rule 60(b) Motion

A few months after filing the notice of appeal, Medina filed a motion with the

district court titled, "Motion for Relief from Final Judgment in §2255 Proceeding

Pursuant to Fed. R. Civ. P. 60(b)(4) and (6)."  R. vol. 4 at 30 (capitalization

standardized).  Medina understood that the district court could not exercise

jurisdiction over an ostensible Rule 60(b) motion that was, in substance, a new or

repeated § 2255 claim.  *See id.* at 31 (quoting *Gonzalez v. Crosby*, 545 U.S. 524,

531–32 (2005), for the notion that a Rule 60(b) motion is, in substance, a successive

habeas petition if it "seeks to add a new ground for relief" or "attacks the federal

court[']s previous resolution of a claim on the merits" (internal quotation marks

omitted)).  Medina thus argued that the district court had failed to address one of his

arguments.  *See id.* at 30 (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1224–25

(10th Cir. 2006), for the proposition that a Rule 60(b) motion remains appropriate in

a habeas proceeding if the "district court failed to consider one of his habeas claims,"

because this represents "a defect in the integrity of the federal habeas proceedings"

(internal quotation marks omitted)).  The overlooked argument, according to Medina,

was "the dispositive claim of cell phone evidence being unavailable from other sources and how the affidavits prove this." *Id.* at 31.

The district court disagreed. It found that it had "addressed the argument and specific evidence," so Medina's Rule 60(b) motion was really an unauthorized attempt to reargue a claim already decided on the merits. *Id.* at 84. The district court therefore dismissed the motion for lack of jurisdiction, and it denied a COA.

Medina filed another notice of appeal in the district court, which this court docketed as the instant case, No. 22-1053. He now seeks a COA to appeal the district court's dismissal of his Rule 60(b) motion.

## II.    ANALYSIS

To merit a COA, Medina must "ma[ke] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And he must make an extra showing in this circumstance because the district court denied his motion on a procedural ground, namely, lack of jurisdiction. So he must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

"[W]e look at the relief sought, rather than a pleading's title or its form, to determine whether it is a second-or-successive collateral attack on a defendant's conviction." *United States v. Baker*, 718 F.3d 1204, 1208 (10th Cir. 2013). As Medina recognizes, if his ostensible Rule 60(b) motion presents a new attack on his

conviction, or if it seeks reconsideration of a previous attack, it is a successive claim over which the district court lacks jurisdiction unless first authorized by this court. *See Gonzalez*, 545 U.S. at 532; *see also In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (noting that the obligation to evaluate Rule 60(b) motions as potential unauthorized successive claims for collateral relief applies both to § 2254 and § 2255 proceedings).

Medina insists that the district court's ruling on his ineffective-assistance claim shows it must not have understood his affidavits. Thus, in Medina's view, the district court failed to address his claim on the merits. We disagree. The district court did not specifically discuss any of Medina's affidavits, but the order denying § 2255 relief shows that the court reviewed the affidavits and concluded they did not support Medina's ineffective-assistance claim. Whether that conclusion was error is a question for Medina to raise, if at all, in No. 21-1300, where he seeks a COA to appeal from the order denying § 2255 relief.

Medina further argues that the district court never considered the affidavits from his aunt and his brother, which he attached to his motion to expand the record. We presume this is true because the district court denied the motion to expand the record in the same order denying § 2255 relief. Even so, Medina cites no authority—and we are aware of none—holding that refusal to consider evidence in support of a claim is the same as failing to rule on the claim. If the district court's refusal was error, again, it is a question for No. 21-1300. It is not a matter that may be properly relitigated through Rule 60(b).

7

In short, Medina's Rule 60(b) motion was, in substance, an attempt to reopen his ineffective-assistance claim. Because we did not authorize Medina to file such a challenge, jurists of reason could not disagree with the district court's conclusion that it lacked jurisdiction over the motion. Thus, we may not grant a COA. *See Slack*, 529 U.S. at 484.

## III.  CONCLUSION

We deny Medina's application for a COA and dismiss this matter. We grant his motion for leave to proceed without prepayment of costs or fees.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk